

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 8, 1968

Mrs. Marie Winters
Firemen's Pension Commissioner
1010 Sam Houston Building
Austin, Texas 78701

Opinion No. M-231

Re: Whether paid firemen op-
erating an emergency am-
bulance service as a
regular operating por-
tion of the Fire Depart-
ment are covered for dis-
ability benefits under
Section 7 of the Firemen's
Relief and Retirement Law
in the event of injury on
such ambulance duty, and
related question.

Dear Mrs. Winters:

You have requested an opinion of this office on the
following question:

"May we have your official ruling on
whether or not paid firemen operating an
emergency ambulance service as a regular
operating portion of the Fire Department
would be covered for disability benefits
under Section 7 of the Firemen's Relief
and Retirement Law in the event they were
injured on ambulance duty - and whether or
not their widows or beneficiaries would be
covered under Section 12."

By describing the ambulance service as "emergency" in
nature, we presume that it is to function only when it becomes
the duty of the firemen to provide this necessary service.

- 1126 -

House Bill 68, Acts 55th Legislature, Regular Session, 1957, Ch. 275, p. 617, codified as Section 7 and Section 12 of Article 6243e, Vernon's Civil Statutes, read, in part, as follows

"Sec. 7. Whenever a person <u>serving as an active fireman duly enrolled in any regularly active fire department in any city or town</u> in the State having a population of less than five hundred thousand (500,000) according to the last preceding Federal Census, which city or town is now within, or may hereafter come within the provisions of this Act, <u>shall become physically or mentally disabled while in and/or in consequence of, the performance of his duty,</u> said Board of Trustees shall upon his request, or without such request if it shall deem proper and for the good of the department, retire such person from active service either upon total or partial disability as the case may warrant . . ." (Emphasis added.)

Sections 4 and 5 of Article XI of the Constitution of Texas authorize cities and towns to be incorporated as political subdivisions of the state, subject to such limitations as the Legislature may prescribe and provided that the charter or ordinances passed under authority of the charter comply with the Constitution of the State of Texas and all general laws enacted by the Legislature.

Article 1011, Vernon's Civil Statutes, reads, in part, as follows:

"The City Council, or other governing body shall have power to pass, publish, amend or repeal all ordinances, rules and police regulations, not contrary to the Constitution of this State, for the good government, peace and order of the City . . ."

Article 1175, Vernon's Civil Statutes, reads, in part, as follows:

"Cities adopting the charter or amendment hereunder shall have full power of local self-government, and among the other powers that may be exercised by any such city the following are hereby enumerated for greater certainty:

". . .

"27. To provide for police and fire departments.

"28. To provide for a health department and the establishment of rules and regulations protecting the health of the city and the establishment of quarantine stations, and pest houses, emergency hospitals and hospitals, . . .

". . .

"34. To enforce all ordinances necessary to protect health, life and property, and to prevent and summarily abate and remove all nuisances and to preserve and enforce the good government, order and security of the city and its inhabitants."

Our Courts have held that under authority of Articles 1011 and 1175 that the State has delegated to municipalities under the police power, the right to protect the health, safety, morals and general welfare of their citizens by regulations that are reasonable and necessary for that purpose, subject to limitations imposed by the Constitution and statutes enacted by the Legislature 40 Tex.Jur.2d 12, Municipal Corporations § 321, 322; <u>Keel v. Pulte Comm. of Appeals</u>, Sec. A (1928), 10 S.W.2d 694; <u>Lombardo v. Dallas</u>, 124 Tex. 1, 73 S.W.2d 475; <u>City of Dallas v. Smith</u>, 130 Tex. 225, 107 S.W.2d 872 (1937); 12 Tex.Jur.2d 408 § 62, 63 and 64.

The health and safety of the public is of primary importance to all ordered forms of government. In the preservation

and protection of the public health, every sovereign may, in the exercise of the police power, enact laws directed to that purpose. The Legislature may delegate powers relating to the public health to various agencies or subdivisions of the State. 28 Tex.Jur.2d 9, Health § 1, 2; 39 C.J.S. 811, Health § 2.

The provisions of Articles 1011 and 1175 and Sections 4 and 5 of Article XI of the Constitution plainly show that cities and towns, duly incorporated, are charged with the important governmental function of the preservation and protection of the public health within those towns and cities which is within the police power of the state.

In Attorney General's Opinion C-772 (1966), we held that pursuant to the general powers of the county to expend general revenues of the county in behalf of the public health and sanitation under Article 4418f, Vernon's Civil Statutes, the county may operate and maintain an ambulance service within the county. We have also held that the Tarrant County Hospital District, under the provisions of Article 4494n and Section 4 of Article XI of the Constitution, is charged with the preservation and promotion of the public health within the district under the police power of the state, and is authorized to acquire and operate an ambulance service within the district. Attorney General's Opinion C-759 (1966).

In view of the foregoing, you are hereby advised that the governing bodies of cities and towns, pursuant to Section 4 and 5 of Article XI of the Constitution of Texas and Articles 1011 and 1175 have the authority under the broad police powers granted them by the State to perform "emergency" ambulance service within their city in order to protect the health, safety and general welfare of the citizens of the city. Any paid fireman performing "emergency" ambulance service as a duty of the fire department would be entitled to disability benefits under Section 7 of Article 6243e in the event he was injured while acting in the scope of such emergency ambulance service. This statute must be given a liberal construction in favor of the fireman. Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, 237 S.W.2d 420 (1951), rev. on other grounds, 150 Tex. 433, 242 S.W.2d 181.

## S U M M A R Y

Paid firemen performing "emergency" ambulance services as a duty of the fire department would be eligible for the benefits of Section 7 and Section 12 of Article 6243e, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Banks
James Quick
Dyer Moore, Jr.
Bill Allen

A. J. CARUBBI, JR.
Executive Assistant